**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA                           *

      v.                                              *          Case. No. JKB-23-0278

CHRISTOPHER KENJI BENDANN

                           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

The Court finds that under the Bail Reform Act, 18 U.S.C. § 3142, there is not clear and

convincing evidence that no combination of release conditions will reasonably assure the safety of

the community and Defendant's presence at trial. In other words, there are such conditions that,

if imposed, will reasonably give that assurance. Accordingly, the Court vacates Magistrate Judge

Coulson's carefully reasoned and thoughtful Detention Order and will order the Defendant's

release subject to the stringent conditions detailed in the accompanying draft release order. Should

the Defendant be unable to meet the conditions set out in the release order then he shall remain

detained until he is able to do so.

## BACKGROUND

Defendant was initially arrested on February 3, 2023 by Maryland law enforcement officers

on state charges related to alleged child sexual abuse against an individual known in filings as

Minor Victim.[1] (ECF No. 14 at 2.) The Defendant was released to home detention with electronic

monitoring by the state court on February 21, 2023. (ECF No. 14 at 2-3.) On August 18, 2021,

federal officials arrested Defendant on new charges related to the same conduct. (ECF No. 21.)

---

[1] As there has been no objection from the Defendant, the Court will use this pseudonym and
similar ones to refer to the alleged victim and other alleged witnesses throughout, regardless of
whether the individual is presently a minor.

This Court's Pre-trial Services Office recommended detention, and, in a well-reasoned opinion and order, Magistrate Judge Coulson granted the Government's request to detain the Defendant pre-trial. (ECF No. 20.) Defendant has requested review of that detention order pursuant to 18 U.S.C. § 3145(b).

## LEGAL STANDARD

The Court will review the detention order *de novo*. *U.S. v. Martin*, 447 F.Supp.3d 399, 402 (D. Md. 2020); *U.S. v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release.").

The Bail Reform Act, (the "Act"), governs the release or detention of a defendant pending trial in federal court. 18 U.S.C. § 3142. Generally, under the Act, a judicial officer must release a defendant under the "least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). However, when, as here, the offense involves a minor victim, there is a rebuttable presumption that no conditions exist that will reasonably assure the safety of the community. 18 U.S.C. § 3142(e)(3)(E).

When considering what, if any, conditions of release will reasonably assure the appearance of the defendant and the safety of the community, the Court must consider the following factors:

"(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
   a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

> conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> b.   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## ANALYSIS

To begin, the Court finds that Defendant has successfully rebutted the presumption otherwise favoring detention. The Defendant "need only present some credible evidence indicating that there are conditions that could be imposed that would reasonably assure the safety of the community." *U.S. v. Blauvelt*, 2008 WL 4755840, at *2 (D. Md. Oct. 28, 2008). Defendant's evidence that he complied with release conditions for the past six months (ECF No. 22-3) and the lack of evidence that Defendant has ever violated a court order, all coupled with his lack of a criminal record, are sufficient to rebut this presumption.

Turning to the 18 U.S.C. § 3142(g) factors, the nature of the offense is indisputably serious. Defendant is charged with Sexual Exploitation of a Child and Possession of Child Pornography. (EFC No. 1.) The allegations against him describe a prolonged pattern of abuse while Defendant was in a position of trust with significant power over the alleged victim. (ECF No. 26.) Further, while Defendant is presumed innocent and may raise defenses, the weight of the evidence against him at this time is significant. (ECF No. 16 (describing purported video evidence depicting child sexual abuse found in Defendant's iCloud account).) Both factors weigh in favor of detention.

The third factor, the history and characteristics of the person, however, weighs against detention, despite the allegations at hand and the evidence proffered by the Government calling the Defendant's trustworthiness into question. (ECF No. 26.) The Defendant has no criminal history and, apart from the allegations in this case, he has no history of violence. (ECF No. 22 at

10.) He has close ties to his community and the support of his father who had been and is willing to continue supervising the Defendant on release. (ECF No. 22 at 9-10.) The Defendant maintained a spotless record while on pre-trial release from the Circuit Court.

Looking to the fourth factor, the Government contends that Defendant poses a danger to Minor Victim if he released from custody. (ECF No. 26 at 19.) The Government is concerned that Defendant will use the internet to seek out Minor Victim, or other potential witnesses, and threaten or attempt to intimidate them. (ECF No. 26 at 19.) Further, the Government believes that Defendant will attempt to destroy evidence and obstruct the investigation. (ECF No. 26 at 19.) Considering that there is evidence that the Defendant was in contact with Minor Victim until immediately before the state charges were filed, and that Defendant may have deleted images or videos from his phone, these are valid concerns. The Government, however, was not able to explain at the hearing *how* the Defendant would be able to take or continue these actions under the release conditions proposed by the Court.

This brings the Court to the fundamental question at hand: has the Government shown, by clear and convincing evidence, that there is *no* set of conditions that can reasonably assure the Defendant's appearance and community safety? *See U.S. v. Martin*, 447 F.Supp.3d 399, 402 (D. Md. 2020). It has not. The Government based its request for detention pre-trial on, (1) the statutory presumption in favor of detention given the charges, and (2) the assertion that the Defendant cannot be trusted to comply with conditions of release. As explained above, while the presumption in favor of detention remains a factor, Defendant has overcome the presumption by offering evidence of his previous compliance with terms of release, the lack of evidence that he has ever violated a court order, and his clean record. For the same reasons, the Court is reasonably assured that the Defendant will comply with the stringent conditions provided for his release. The Court is further

4

reasonably assured that those conditions, compliance with which will be scrupulously monitored by federal pre-trial services officers, are sufficient to adequately mitigate any danger the Defendant poses.

The release conditions are designed to isolate the Defendant and prevent him from contacting the Minor Victim and other potential witnesses or victims. Further, the Court notes that the misconduct alleged here requires secrecy to execute. After detection, practical factors would make it difficult for the Defendant to continue his alleged abuse of his former students. The case, including the Defendant's name, has been widely publicized. The Defendant has been "exposed."[2] Putting aside the revulsion that accompanies the type of charges Defendant is facing, his inability to operate in secret going forward substantially impairs his ability to behave further as the government alleges he has in the past.

The Court finds that the conditions set out in the attached draft order are the minimum necessary to reasonably assure community safety and Defendant's appearance in court. Among others, one objective and effect of these conditions is to isolate the Defendant from accessing the internet and from any ability to use the internet to communicate. In the circumstances of this case, this stringent condition is fully warranted.

A further hearing is set in for Friday, September 8, 2023, at 1:00 p.m. The Defendant must be present. Provided the Defendant and the proposed third-party custodian are prepared to execute their portions, the release order will be entered at that time. The Defendant will be released thereafter and in accordance with the order only if he and his third-party custodian are able to

---

[2] Of course, the Court continues to presume the Defendant's innocence on the underlying charges, and it makes the "exposed" observation solely in the context of resolving the detention motion.

satisfy the terms of the order, and only if the Pretrial Services Office is able to first approve the residence and the third-party custodian, and accomplish the set up of electronic home monitoring.

        *                  *                  *

The Defendant will be released from custody, subject to conditions.

DATED this __7__ day of September, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

6