UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER K. BENDANN,<br><br>Defendant. | CASE NO:   JKB-23-278 |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE
PURSUANT TO RULES 414 & 404(B)**

The United States hereby files a motion for a pretrial ruling regarding the admission of evidence at trial pursuant to Rules 414 & 404(b) of the Federal Rules of Evidence.

The government seeks to introduce various prior acts by the defendant at trial, including:

1. The defendant's conspicuous affection towards adolescent boys during his employment from approximately 2010 to January 2023 including but not limited to the defendant's socializing, texting, and physical displays of affection towards adolescent boys;

2. The defendant's coercion of adolescent boys to run naked in exchange for alcohol while the defendant watched from approximately 2016 through 2022;

3. The defendant's encouragement of "skinny dipping" by adolescent boys while the defendant watched from approximately 2016 through 2022;

4. The defendant's collection of several dozen framed photographs of students seized from his home;

5. The defendant's sexual assault of John Doe 1 in approximately 2018; and

6. The attempted sexual exploitation of John Doe 2 in approximately 2021 and 2022.

The government submits that the defendant's prior conduct regarding John Doe 2 is admissible under Rule 414 as evidence of prior bad acts of child molestation. Fed. R. Evid. 414(a). Rule 414 provides in pertinent part:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The

evidence may be considered on any matter to which it is relevant.

The prior conduct listed above is also admissible as 404(b) evidence of the defendant's modus operandi, opportunity, preparation, knowledge, intent, identity, motive, planning, and the absence of mistake with respect to the very similar allegations in the indictment. As such, proof of these incidents is relevant to the matters at trial.

Accordingly, the Government respectfully requests that this Court grant its motion to admit Rule 414 & Rule 404(b) evidence concerning the defendant's prior conduct of child molestation, as defined in the statute.[1]

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court permit the admission of this evidence at trial.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Colleen Elizabeth McGuinn
Kim Y. Hagan
Anatoly Smolkin
Assistant United States Attorneys

---

[1] The government will submit a memorandum in support of this motion prior to trial.