UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER K. BENDANN,<br><br>Defendant. | CASE NO:  JKB-23-278 |

**GOVERNMENT'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL**

The United States of America, by its undersigned counsel, hereby respectfully submits the following response to the Defendant's Motion to Withdraw as Counsel (ECF No. 41).

1. This matter is currently scheduled for trial on October 23, 2023 as a result of the Defendant's request for a speedy trial.[1]

2. Both counsel for the Defendant entered their appearance on August 18, 2023, and represented the Defendant at the initial appearance on that same date, at the detention hearing on August 21, 2023, at the motion for review of the order of detention on September 7, 2023, and at the review of the proposed release conditions on September 14, 2023.

3. On September 19, 2023, counsel for the Defendant filed a Motion to Withdraw as Counsel (ECF No. 41).  The motion fails to articulate any specific basis that would justify counsel's request to withdraw from the representation, simply proffering that the request is made "for reasons that undersigned counsel cannot discuss…."

4. There is insufficient information in the motion both for the Government to take a position on the request and for the Court to rule on the matter.

---

[1] The Government notes that, pursuant to 18 U.S.C. § 3161(h)(1)(D), the delying resulting from the filing and disposition of this motion—as well as any other pretrial motions—operates to exclude time under the Speedy Trial Act.

5.      The request should be referred to a United States Magistrate Judge for an attorney inquiry hearing—the substance of which would be conducted without Government counsel present—so that counsel for Mr. Bendann can articulate the basis for the Motion to Withdraw without violating attorney-client privilege. An attorney inquiry hearing will also allow Mr. Bendann to address the Court and allow the Court to determine, among other things, whether he wishes to retain different counsel of his choice or whether he requests the Court to appoint counsel. It will also allow the Court to determine whether sufficient grounds exist for permitting counsel to withdraw, taking into account the timeliness of the motion, the stated reasons for the request, and the ability or inability of counsel to provide an adequate defense. *See United States v. Horton*, 693 F.3d 463, 466-467 (4th Cir. 2012).

WHEREFORE, the United States respectfully requests that the Motion to Withdraw as Counsel be referred to a United States Magistrate Judge for an attorney inquiry hearing pursuant to 28 U.S.C. § 636 and Local Rule 301 and 302.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Colleen Elizabeth McGuinn
Kim Y. Hagan
Anatoly Smolkin
Assistant United States Attorneys

3