# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:   JKB-23-278** |
| **CHRISTOPHER KENJI BENDANN,** | |
| **Defendant.** | |

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT

Comes now the United States of America by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, Colleen E. McGuinn and Kim Y. Hagan, Assistant United States Attorneys, and moves *in limine* to preclude the introduction of evidence, testimony and argument suggesting that Minor Victim consented to engage in the sexually explicit conduct at issue.   The Government seeks to preclude evidence and argument regarding Minor Victim's consent to or motivation for engaging in the alleged sexually explicit conduct or the recording of such conduct. This type of evidence and argument is irrelevant because consent is neither an element of nor defense to the crimes charged, and because its probative value is substantially outweighed by the danger that such evidence would confuse and mislead the jury. Fed. R. Evid. 401, 403.

### I.      FACTUAL BACKGROUND

Bendann is charged with five counts of sexual exploitation of a child in violation of 18 U.S.C. 2251(a).  To prove a violation, the government must prove each of the following elements: First, that the minor victim alleged in the Superseding Indictment was under the age of eighteen. Second, that Bendann used (or employed or persuaded or induced or enticed or coerced) the minor victim depicted to take part in sexually explicit conduct for the purpose of producing or

2

transmitting a visual depiction of that conduct.  And third, that the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce.

## II.   LEGAL BACKGROUND

Evidence is relevant if a) it has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action.  Fed. R. Evid. 401. In other words, the court must determine whether the item of evidence tends to prove the matter sought to be proven.  For example, a photograph of a firearm found on a defendant's phone is relevant evidence because it has a tendency to make the defendant's possession of the weapon more likely.  *United States v. Garland*, 2024 U.S. App. LEXIS 15356 *5.  The driving force behind relevancy determinations in a criminal case consists of elements of the offenses charged and any relevant defenses to defeat criminal liability.  *United States v. Walker,* 32 F.4th 377, 387 (4th Cir. 2022)(citing *United States v. Lamberty*, 778 F.2d 59, 60-61(1st Cir. 1985).

While relevant evidence is generally admissible, potentially relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

## III.   ARGUMENT

### A.  Consent Is Irrelevant To 18 U.S.C. § 2251(a)

The Court should preclude any evidence and argument suggesting that Minor Victim consented to any of the charged conduct because it is not relevant.  Minor Victim's state of mind does not affect the probability of the existence of any fact that is of consequence as applied to the necessary elements of the crime. It does not affect Minor Victim's age at the time of the offense. It does not affect the interstate or foreign commerce requirement.  And it does not affect whether

Bendann "used" Minor Victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct. The Fourth Circuit has held that the term "uses" in 18 U.S.C. § 2251(a) must be applied with its ordinary meaning of "avail oneself of" and does not require a defendant overcome the will of the minor or obtain the minor's assent. *United States v. Sanders*, No. 22-4242, 2024 U.S. App. LEXIS 16679 (4th Cir. July 9, 2024) *40-41.  Therefore, the court in *Sanders* ruled that consent is irrelevant to any element of § 2251(a). *Id*. at *41, 44.  *See also United States v. Engle*, 676 F.3d 405, 418 n.9 (4th Cir. 2012) ("A defendant 'uses' a minor for purposes of § 2251(a) if he photographs the minor engaging in sexually explicit conduct to create a visual depiction of such conduct).  Given that a minor cannot give valid consent to being sexually exploited, a minor victim's consent is irrelevant to the question whether a defendant used him for the purposes of 18 U.S.C. § 2251(a).  *See United States v. Sibley*, 681 F. App'x 457 (6th Cir. 2017).  As such, evidence of consent has no probative value and should not be admitted.

Similarly in this case, any attempt to establish through testimony, evidence, or argument that Minor Victim consented to being sexually exploited by Bendann should not be permitted.

**B.  Risk of confusing or misleading the jury substantially outweighs probative value.**

Allowing Bendann to present a consent defense at trial, even as to the underlying sexual acts depicted in the videos of the charged counts, will likely lead to confusion of the issues and mislead the jury into thinking that consent is a defense.  The *Sanders* court held that there was no abuse of discretion where the district court excluded expert testimony because it would have mislead the jury into believing that the minor victims' alleged consent was exculpatory. 2024 U.S. App. LEXIS 16679 *46.  Likewise in this case, permitting Bendann to introduce evidence suggesting that Minor Victim consented to being sexually exploited by Bendann, or even arguing

to a jury that Minor Victim consented creates a risk of confusion or misleading of the jury that substantially outweighs what little probative value that can be found in such evidence.  Rule 403 supports exclusion.

**CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this Court grant the government's motion and exclude any evidence, testimony, and argument that Minor Victim consented to being sexually exploited by Bendann.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Colleen E. McGuinn
Kim Y. Hagan
Assistant United States Attorneys