IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No.: JKB-23-0278 |
| CHRISTOPHER BENDANN | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MOTION *IN LIMINE* OBJECTING TO INADMISSIBLE PHOTOGRAPHS</u>**

Now comes Christopher Bendann, by and through undersigned counsel, to respectfully request that the Court preclude the admission of inadmissible photographs. In support, Mr. Bendann states the following:

1. Trial in this matter is scheduled to begin on August 21, 2024.

2. As part of the discovery process in the case at bar, the Government has provided what purports to be either photos of a text conversation or, in other instances, photos forwarded through various sets of hands, before it arrived to Government counsel. Defendant moves *in limine* to preclude the admission of such evidence.

3. While it is hard to succinctly outline the issue in the hypothetical, the attached Exhibit furnishes examples of what it is counsel objects to. On Exhibit A, page 1 is a photo of what is alleged to be a Snapchat conversation between Minor Victim 1 and the Defendant. The person alleged to be the Defendant is listed as "$ Mr B." However, it is noteworthy that Mr. Bendann has never called himself "$ Mr B," that is the name by which it is saved in the person holding the device's address book. The person in possession of the phone appears to be in the midst of typing a response but there is absolutely no indication it was ever sent.

4. On Exhibit A, page 2 the very top line reads "State of Maryland Mail – FW: Gilman School – Here's the picture my son took and took a screenshot of the time and date."

1

So, to unpack this a little: the photo is alleged to have been taken on August 31, 2021 at 11:31 PM.[1] It was turned over to the State of Maryland some seventeen months later, on January 26, 2023. Moreover, it was handed over by the parent of the person that allegedly took it, not the photographer. From then it was, presumably, forwarded to the FBI Agent, who forwarded it to the Government, who disclosed it to the defense. The undersigned have never received the original photo, nor the Exif data associated with said image.[2]

5. Allowing said chats to be presented to the jury without the complaining witnesses there to face questioning violates Mr. Bendann's Sixth Amendment right to confront the witnesses against him. Moreover, while there may be instances in which said images could be used to refresh recollection, they should not be admitted as substantive evidence.

6. The Snapchat account chats are, in some instances, hearsay. Many are written assertions made by declarants who will not be testifying at trial that the government offers to prove the truth of the matter asserted in the writing. See Fed. R. Evid. 801(a)-(c). Inadmissible evidence cannot be made admissible by taking a photo of it. Unless the government can show the statement is either non-hearsay or subject to a hearsay exception the chats are inadmissible. The government cannot make the required showing.

7. The records are not admissible as business records under Fed. R. Evid. 803(6).

8. For the chats to be admitted under the business records exception, there are several requirements the chats must first satisfy. They must be: 1) made at or near the time (of an act, event, condition, opinion or diagnosis); 2) made by—or from information

---

[1] Whether this is EST or UTC is unknown.
[2] See https://en.wikipedia.org/wiki/Exif (last visited 8/1/2024)

transmitted—by someone with knowledge; 3) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; 4) making the record was a regular practice of that activity; and 5) the opponent does not that show that the source of information or the method of circumstances or preparation indicate a lack of trustworthiness. See Fed. R. Evid. 803(6). Only if all these requirements are satisfied, may the evidence be presented as a business record. In this case, the government cannot satisfy any of the requirements. Firstly, the conversations do not come from Snapchat but rather from a photo of a screen.  Secondly, there is a profound lack of trustworthiness when you cannot even ascertain that the person who was allegedly having the conversation is the Defendant, but rather a "$ Mr B".  Similarly, furnishing a photo of a photo, that traveled through several pairs of hands lacks sufficient indicia of reliability.  Therefore, the chats are inadmissible under the business records hearsay exception.[3]

**WHEREFORE**, Mr. Bendann respectfully requests that the Court disallow the admission of the photographs as outlined herein.

Respectfully submitted,

      /s/
Gary E. Proctor
Christopher Nieto
233 E. Redwood Street, Suite 1000C
Baltimore, MD 21202

---

[3] The Government has not yet provided the undersigned their trial exhibits.  As such, Exhibit A is purely an example of the types of inadmissible evidence that Mr. Bendann objects to.  This Motion *in Limine* is being filed to hopefully alert this Court to the issue ahead of time, rather than keep a jury waiting.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August, 2024 a copy of the foregoing Motion *in Limine* was filed via ECF, which will cause it to be served on all counsel of record.

_____/s/_____
Gary E. Proctor
Attorney for Mr. Bendann