**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA** | * |  |
| **v.** | * | **CRIMINAL NO.  JKB-23-278** |
| **CHRISTOPHER KENJI BENDANN,** | * |  |
| **Defendant** | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**JURY VOIR DIRE**</u>

Good Morning, Ladies and Gentlemen:

You have been brought to this courtroom to participate in the selection of a jury that will hear and decide a criminal case.  Thank you for continuing to wear your masks at all times during the jury selection process, except when you yourself have been called upon to speak here in Court. In this case, a grand jury has indicted a defendant and charged him with the commission of the crime of sexual exploitation of a child, possession of child pornography and cyberstalking.  The offense is alleged to have occurred on various dates between September 1, 2017 and February 3, 2023, in Maryland.  The defendant has entered a plea of "not guilty" to the charge.

I am now going to ask you a series of questions.  Your answers to these questions will aid me in the process of selecting the persons who will serve as jurors in this case.  Please listen carefully to the questions and follow along on your answer sheet.  Please stop right now and write your juror number in the space indicated on your answer sheet.  Then, as I read the questions, please write down whether you have a "yes" or "no" answer to each question posed.  After you have supplied a "yes" or "no" answer to the question, you may wish to add a comment or two that will assist you later in explaining your answer when we meet in person.  After I have asked all of

my questions, you will leave the Courtroom and wait in the hallway and vestibule areas, just outside the Courtroom door.  Then you will be brought back to the Courtroom, one-by-one, to meet with me and to review the answers that you have provided on your answer sheet.  Once you are back in the Courtroom, only court staff, the parties, the lawyers, and I will be present.  No one else will hear the answers that you provide.  We are ready to begin with the questions:

1. My name is James K. Bredar.  I am the judge who will be presiding during the trial of this case.  Do any of you know me or any member of my family?   (Remember, as to each question I ask, you must indicate "yes" or "no" on your answer sheet.)

2. This case is styled or titled: "The United States of America v. Christopher Kenji Bendann, Case No. JKB-23-278."  Have any of you ever read or heard of this case?

3. Would counsel for the government please rise and turn and face the jury venire.  The United States Government is represented by Assistant United States Attorneys Colleen E. McGuinn and Kim Y. Hagan.  They are the lawyers who will prosecute this case.  Do you know or have you had any dealings with Ms. McGuinn or Ms. Hagan?

4. Would counsel for the defendant please rise and face the jury venire. Christopher Kenji Bendann is represented by Gary E. Proctor, who practices law in the firm of The Law Offices of Gary E. Proctor, and by Christopher C. Nieto who practices law in the firm of Nieto Law Office.  Do you know or have you had any dealings with either Mr. Proctor or his firm? Do you know or have you had any dealings with either Mr. Nieto or his firm?

5. Would the defendant please rise and turn and face the jury venire.  Ladies and gentlemen, the defendant in this case is Christopher Kenji Bendann.  Do you know, or

have you had any dealings with the defendant, Christopher Kenji Bendann, or to your knowledge, any member of his family or his friends or associates?

6.  Are you, any member of your family, or any of your closest associates related to any judge, law clerk, or court personnel of this federal Court?

7.  The following people may be witnesses in this case or may be mentioned by witnesses. Please listen carefully and see if you recognize any of these names:

    [read names from witness lists]

    Do you know any of the persons just named?

8.  Some of you may have previously served as jurors in the trials of criminal or civil cases, in either state or federal court.  If you are selected to serve in this case, it would be your obligation to put aside and not be influenced by anything that happened when you served as a juror in an earlier case.  If you have previously served as a juror, is there anything about that prior experience that would make it difficult for you, or that would influence you in your deliberations, if you served as a juror in this case?

9.  Similarly, some of you may have previously served on a grand jury in either state or federal court.  If you are selected to serve in this case, it would be your obligation to put aside and not be influenced by anything that happened when you served on a grand jury.  If you have previously served on a grand jury, is there anything about that prior experience that would make it difficult for you, or that would influence you in your deliberations, if you served as a juror in this case?

10. A few minutes ago you heard me give a very brief description of this case.  Is there anything in that brief description that made you realize it would be difficult for you to keep an open mind and to serve as a fair and impartial juror in the trial of this case?

11. Do you know Erek L. Barron, the United States Attorney for the District of Maryland, any of the Assistant United States Attorneys for this district, or any other employees of the United States Attorney's Office?

12. Have you or has any member of your immediate family or any of your closest associates ever been employed by the United States Department of Justice, the Office of the State's Attorney, the Maryland State Attorney General's Office, or any state, local, or federal law enforcement agency?

13. Have you, any member of your immediate family, or any of your closest associates ever worked for a private agency or company with police, security, or investigative functions, such as a private investigative firm or a company that provides security services?

14. Have you, any member of your immediate family, or any of your closest associates ever been employed by a state or federal court, the Federal Public Defender, a state public defender, a private criminal defense attorney, or a court-related agency such as a Sheriff's Office, Clerk's Office, Probation and Parole Office, United States Marshal's Office, Pretrial Services, bail agency, or similar department or organization?

15. Have you or has any member of your immediate family or your closest associates ever been involved in a legal dispute with the government, with a law enforcement agency, or with any specific law enforcement officer or agent?

16. Next, I am going to ask several questions together, and if you have a "yes" answer to <u>any</u> of these questions, please mark "yes" for this question:

    A. Have you or has any member of your immediate family or your closest associates ever been the victim of a crime?

B.  Have you or has any member of your immediate family or your closest associates ever been a witness to a crime?

C.  Have you, or has any member of your immediate family or your closest associates ever been accused of criminal conduct, been the subject of a criminal investigation, or been convicted of committing a crime?

D.  Have you, any member of your immediate family, or your closest associates ever been a witness for the prosecution or for the defense in the investigation or the trial of a criminal case?

E.  Specifically in this case, the allegations include those of sexual abuse.  Has any member of your immediate family or closest associates ever been a victim, a witness, accused or convicted of a crime of a sexual nature?

F.  [if appropriate to case] Have you or has any member of your immediate family or your closest associates ever been addicted to narcotic drugs?

G.  The Defendant in this case is Asian-American.  Do you hold any beliefs related to race, color, religion, national origin, or other personal attributes that would make it difficult for you to render a fair and impartial verdict based solely on the evidence and the law?

H.  Do you hold any beliefs as to sexual orientation that would make it difficult for you to render a fair and impartial verdict based solely on the evidence and the law?

I.  Do you hold any beliefs as to crimes involving children that would make it difficult for you to render a fair and impartial verdict based solely on the evidence and the law?

J.  As part of the evidence in this case you may see images of a sexual nature that are graphic.  Is there anything about viewing such images that would make it difficult for you to render a fair and impartial verdict based solely on the evidence and the law?

K.  The allegations in this case occurred when both the Defendant and the alleged victim were either employed by or a student at Gilman School on Roland Avenue in Baltimore City.  Have any of you, or a family member or close associate attended or been employed by the Gilman school?

Now, if you have a "yes" answer to any of the questions that I have just posed, please mark your answers accordingly.

17.  Have you or has any member of your immediate family or your closest associates ever attended law school, studied the law or criminal justice, or had legal training?

18.  Do you hold any philosophical, religious, or moral views that would prevent you from judging the conduct of another person?

19.  Do you have any views concerning the administration of the criminal justice system, including the courts, that would affect your ability to render a fair and impartial verdict if you were selected to serve as a juror in this case?

20.  Do you, any members of your family, or any of your close friends belong to any group that advocates a change in our criminal justice system or our criminal sentencing guidelines, including any group which advocates a position on the question of whether prison sentences for violent offenses should be lengthened or shortened?

21. Do you, any member of your family, or any of your closest associates belong to or participate in any crime prevention groups, such as neighborhood watch organizations?

22. Would you tend to give greater or lesser weight to the testimony of a law enforcement officer or agent simply because that person was a law enforcement officer or agent?

23. Do you have any concerns or beliefs about laws [relating to the particular crime charged] that would affect your ability to render a fair and impartial verdict in this case?

24. The defendant may choose to testify or may exercise his constitutional right not to testify.  If he elects not to testify, that cannot be held against him or even considered by you in your deliberations.  Would the defendant's decision to testify or not to testify affect your ability to be fair and impartial in serving as a juror in this case?

25. Do you believe that just because a defendant has been indicted, he or she must be guilty of something?

26. A defendant is presumed innocent unless and until a jury unanimously finds him guilty beyond a reasonable doubt.  Are you unable to accept that principle?

27. At the end of the trial, I will instruct the jury on the law that they must follow as they decide this case.  Jurors must follow the court's instructions on the law, even if they personally do not agree with the law as the court describes it.  If a juror has an opinion about what the law should be, but that opinion is different from the judge's instructions on what the law is, the juror is required to follow the judge's instructions.  If selected to serve as a juror, would you be unable to follow my instructions on the law?

28. Do you have any hearing or sight impairment?

29. Do you have any difficulty reading, writing, or understanding the English language, such that it would impair your ability to understand what you hear in court or such that it would impair your ability to read any documents submitted as evidence?

30. I anticipate that this trial will last approximately 8 days.  Do you have any medical, physical, or other condition or reason that would make it difficult for you to give your full attention and fair, impartial, and complete consideration if you were selected to serve as a juror in this case?

31. If you are selected as a juror in this case, you will be required to decide this case solely based on the sworn testimony you hear from witnesses in this courtroom and any exhibits that are presented to you as evidence.  You will be forbidden from looking for or considering information that is potentially available from other sources.  During the trial, you may not communicate with others about the trial or discuss it with family, friends, or anyone else.  This includes online discussions or postings on "blogs" or on Internet sites such as Facebook, Twitter, YouTube, Snapchat, Instagram, TikTok, LinkedIn, or similar means of communication.  You may not do any personal research of your own about the case, the attorneys, the parties, or the issues in the case.  This prohibition includes Internet research of any type, whether on a cell phone, smartphone, smart watch, tablet, laptop, desktop, or other device.  For instance, during the trial, you may not Google any of the persons, facts, or subjects that you hear about in the case.  As well, you may not consult any printed material including books, dictionaries, encyclopedias, newspapers, or magazines.  Are you <u>unable</u> to abide by these restrictions if you are selected as a juror in this case?

32. Is there <u>anything</u> <u>else</u>—something that I have already asked you about or something that I have not asked you about—that upon reflection you believe would interfere with your ability to serve as a fair and impartial juror in this case?

33. When we meet in person, I may ask you about your employment, if any, about your spouse or partner, if any, and their employment, if any, and whether you have children and their employment, if any.