UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER KENJI BENDANN,<br><br>Defendant. | CASE NO:   JKB-23-278 |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE UNDER RULE 412**

Comes now the United States of America by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, Colleen Elizabeth McGuinn and Kim Y. Hagan, Assistant United States Attorneys, and moves *in limine* to preclude the introduction of evidence and testimony regarding Minor Victim's sexual behavior, in violation of Fed. R. Evid. 412. Additionally this type of evidence and argument is irrelevant because its probative value is substantially outweighed by the danger that such evidence would confuse and mislead the jury. Fed. R. Evid. 401, 403.

The Defendant has not provided the Government with any notice to introduce evidence of Minor Victim's other sexual behavior or his sexual pre-disposition.  Such notice needed to be filed "at least 14 days before trial unless the court, for good cause, set a different time."  Fed. R. Evid. 412 (c)(1).  Fourteen days before trial, in this case, was yesterday, August 7, 2024.

I.   **FACTUAL BACKGROUND**

Bendann is charged with five counts of sexual exploitation of a child in violation of 18 U.S.C. 2251(a).  To prove a violation, the government must prove each of the following elements: First, that the minor victim alleged in the Superseding Indictment was under the age of eighteen. Second, that Bendann used (or employed or persuaded or induced or enticed or coerced) the minor

2

victim depicted to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct. And third, that the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce. The five counts of sexual exploitation of a child are alleged to have occurred:

Count 1 – September 16, 2027 (Minor Victim was 16 years old)

Count 2 – June 21, 2018 (Minor Victim was 17 years old)

Count 3 – August 26, 2018 (Minor Victim was 17 years old)

Count 4 – January 2, 2019 (Minor Victim was 17 years old)

Count 5 – February 9, 20219 (Minor Victim was 17 years old)

Bendann is also charged with three counts of Possession of Child Pornography, and Bendann is charged with one count of Cyberstalking for electronic messages sent to Minor Victim between May 2022 and December 2022.

II.     **ARGUMENT**

Under Rule 412, evidence that a victim "engaged in other sexual behavior" or evidence offered to prove a victim's "sexual predisposition" is "not admissible in any civil or criminal proceeding involving sexual misconduct," except under very limited circumstances.[1] Fed. R. Evid. 412(a). Rule 412(b)(1)(A) provides for the admission of specific instances of sexual behavior by the victim in a criminal case to prove "that a person other than the accused was the source of semen, injury or other physical evidence." Rule 412(b)(1)(B) allows evidence of specific

---

[1] A defendant's failure to file a timely motion under Rule 412 is itself grounds to deny the admission of any such evidence at trial. See Fed. R. Evid. 412(c) (requiring written motion filed 14 days prior to trial). *See also S.M. v. J.K.,* 262 F.3d 914, 919 (9th Cir. 2001) ("[W]e hold that the magistrate judge's decision to exclude the evidence as a sanction for failing to comply with Rule 412 was proper."); *B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1106 (9th Cir. 2002) (reversing trial court decision to allow evidence under Fed. R. Evid. 412 in part because "the defendants . . . flouted the procedural requirements of Rule 412"). If Defendant fails to timely comply with such notice, the Court should deny the motion.

instances of the victim's sexual behavior with the defendant "offered by the accused to prove consent," or offered by the prosecution. Rule 412(b)(1)(C) allows for the admission of "evidence the exclusion of which would violate the constitutional rights of the defendant." Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, commentary to the 1994 amendments. Rule 412 sets forth a specific procedure for determining the admissibility of such evidence. First, the party seeking to offer the evidence must file a written notice "at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered." Fed. R. Evid. 412(c)(1). Before admitting the evidence, the court must conduct an in camera hearing and afford the victim and the parties the right to attend and be heard. Fed. R. Evid. 412(c)(2). The pleadings and the record of the hearing must be sealed. *Id.*

The Ninth Circuit has interpreted the definition of "past sexual behavior" broadly to include "all sexual behavior of the victim . . . which precedes the date of the trial." *United States v. Torres,* 937 F.2d 1469, 1472 (9th Cir. 1991) (upholding the trial court's exclusion of evidence of the minor victim's sexual behavior involving a peer that occurred approximately six months after the defendant allegedly sexually abused the victim). The *Torres* court noted that this definition was "in accord with the avowed purposes of the rule," serving to protect victims from the degrading and embarrassing disclosure of intimate details of their lives, encourage reporting of sexual assaults, and prevent wasting time on collateral and irrelevant matters. *Id.*

In addition, the rule's exclusion of evidence offered to prove the victim's "sexual predisposition" was "designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder." Fed.

4

R. Evid. 412, Advisory Committee note. For example, evidence "relating to the alleged victim's mode of dress, speech, or life-style will not be admissible." Id.

### A. The Minor Victim's Prior Sexual History is Irrelevant to the Charges Because Consent is Not a Legal Defense

Here, the evidence of Minor Victim's prior alleged sexual behavior falls squarely within the prohibitions of Rule 412. *See, e.g., United States v. Payne,* 944 F.2d 1458, 1469-70 (9th Cir. 1991) (upholding the trial court's exclusion of the evidence of a minor victim's prior sexual conduct with a peer); *Torres*, 937 F.2d at 1472 (same). None of the limited exceptions in Rule 412(b) apply. The source of semen, injury, or other physical evidence is not in issue here. Fed. R. Evid. 412(b)(1)(A). Nor is consent at issue, since the consent of a Minor Victim is not a defense to any of the charges in the Superseding Indictment. Fed. R. Evid. Rule 412 (b)(1)(B); *Torres*, 937 F.2d at 1473 (the consent exception was inapplicable where "the excluded evidence did not involve past sexual behavior with the defendant and the victim was too young to give valid consent in any event").

While it is true that a defendant has a constitutional right to introduce evidence in their defense, *see, e.g., United States v. Bordeaux,* 400 F.3d 548 (8th Cir. 2005), this "right is not without limitation; it may sometimes have to 'bow to accommodate other legitimate interests in the criminal trial process.'" *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009)(citing *Bordeaux*, 400 F.3d at 558).

In *Elbert*, the Eighth Circuit affirmed the trial court's exclusion of evidence of the minor victims' prior acts of prostitution. *Elbert,* 561 F.3d at 776. Elbert was charged with sex trafficking of children under § 1591. Elbert sought to admit evidence of the minor victims' prior sexual acts of prostitution and the trial court denied that request. The Eighth Circuit made clear, "What Elbert

5

fails to recognize is the evidence he wishes to admit does not provide a defense for the crime with which he was charged and convicted." *Id.* at 777.  Since the victims were minors and could not legally consent, the court held such evidence was irrelevant and not covered by Rule 412.  *Id.*

This case involves sexual exploitation of children and the cyberstalking of the same victim as a young adult.  Consent is not a defense to these charges.  Whether or not Minor Victim engaged in sexual behavior with the Defendant after turning eighteen is irrelevant to the charges, confusing to the issue, and would be an attempt to embarrass or humiliate Minor Victim.

### B.      Defendants Cannot Use Evidence for Impeachment Either

Rule 412 can also preclude or limit any attempts by the accused to cross-examine Minor Victim regarding his sexual behavior once he became an adult.  While the right to cross-examine a witness is "implicit in the constitutional right of confrontation," the Ninth Circuit has pronounced that trial judges maintain broad discretion "to impose reasonable limits on ... cross-examination," *Torres*, 937 F.2d at 1473 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)), especially in light of Rule 412.  To determine whether a confrontation clause violation has occurred, courts should examine the proposed cross-examination's probative value.  *Payne,* 944 F.2d at 1469 (9th Cir. 1991).  In *Payne*, with regards to alleged inconsistencies in the victim's account of the trailer park incident, the court determined that "the probative value of minor inconsistencies regarding an obviously embarrassing situation is virtually nil and does not outweigh the prejudicial effect of introducing [victim's] collateral sexual conduct." *Id.*

### CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court grant the government's motion and exclude any evidence or testimony Minor Victim's sexual behavior

in violation of Fed. R. Evid. 412.

                                            Respectfully submitted,

                                            Erek L. Barron
                                            United States Attorney

                             By: _____
                                            Colleen E. McGuinn
                                            Kim Y. Hagan
                                            Assistant United States Attorneys