*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

## Contents

JURY INSTRUCTION 1 (Roles of Judge and Jury) ........................................................................ 3

JURY INSTRUCTION 2 (Jury's duty to decide facts) .................................................................. 4

JURY INSTRUCTION 3 (Bias, prejudice; Gov't as party) ........................................................... 5

JURY INSTRUCTION 4 (Improper considerations) ..................................................................... 6

JURY INSTRUCTION 5 (Sympathy) ............................................................................................ 7

JURY INSTRUCTION 6 (Conduct of counsel; exhibits not received; stricken testimony; stipulation; outside sources; incorporation of assumed facts on cross-examination) ..................... 8

JURY INSTRUCTION 7 (Duty of counsel to object; rulings on legal questions by judge; bench conferences) .................................................................................................................................... 9

JURY INSTRUCTION 8 (Charts, schedules, summaries) ............................................................ 10

JURY INSTRUCTION 9 (Nature of indictment; burden of proof; presumption of innocence) .. 11

JURY INSTRUCTION 10 (Similar Acts) ..................................................................................... 13

JURY INSTRUCTION 11 (Similar Acts – Identity, Commons Scheme, Plan or Preparation) ... 14

JURY INSTRUCTION 12 [Intentionally left blank] .................................................................... 15

JURY INSTRUCTION 13 (Direct and circumstantial evidence) ................................................. 16

JURY INSTRUCTION 14 (Inference) .......................................................................................... 18

JURY INSTRUCTION 15 (Credibility of witnesses; interest in outcome; law enforcement or federal employee witnesses) ......................................................................................................... 19

JURY INSTRUCTION 16 (Expert Witness) ................................................................................ 21

JURY INSTRUCTION 17 (Defendant's testimony) ..................................................................... 22

JURY INSTRUCTION 18 (Specific investigative techniques not required; Gov't not required to call all possible witnesses or present all exhibits) .......................................................................... 23

JURY INSTRUCTION 19 (Validity of search and seizure) ......................................................... 24

JURY INSTRUCTION 20 (Transcripts of Recordings) ................................................................ 25

JURY INSTRUCTION 21 (All Available Evidence Need not be Produced) ............................... 26

JURY INSTRUCTION 22 (Intro to specific crimes instructions; multiple counts; Variance – dates) ............................................................................................................................................. 27

JURY INSTRUCTION 23 (Knowingly; willful blindness) ......................................................... 28

JURY INSTRUCTION 24 (Willfully) ........................................................................................... 29

JURY INSTRUCTION 25 (Intentionally) .................................................................................... 30

JURY INSTRUCTION 26 (Intent – inferences) ........................................................................... 31

JURY INSTRUCTION 27 (Knowledge, willfulness, intent) ....................................................... 32

JURY INSTRUCTION 28 (Secretive behavior) ........................................................................ 33

JURY INSTRUCTION 29 (Using motive for intent).................................................................. 34

JURY INSTRUCTION 30 (Introduction to the Charges) .......................................................... 35

JURY INSTRUCTION 31 (the Indictment and the Statute – Counts One through Five – Sexual Exploitation of a Child) ............................................................................................................. 36

JURY INSTRUCTION 32 (Counts One to Five – Sexual Exploitation of a Child - Elements of the Offense).................................................................................................................................... 40

JURY INSTRUCTION 33 (Counts One to Five – Sexual Exploitation of a Child - First Element – Age of Minor) ............................................................................................................................ 41

JURY INSTRUCTION 34 (Counts One through Five – Sexual Exploitation of a Child - Second Element – Visual Depiction of Sexually Explicit Conduct) ........................................................ 42

JURY INSTRUCTION 36 (Counts One to Five – Sexual Exploitation of a Child - Third Element – Visual Depiction Actually Moved in Interstate Commerce) ...................................................... 45

JURY INSTRUCTION 37 (The Indictment and the Statute – Counts Six to Eight – Possession of Child Pornography)..................................................................................................................... 47

JURY INSTRUCTION 38 (Counts Six to Eight – Possession of Child Pornography – Elements of the Offense)................................................................................................................................. 50

JURY INSTRUCTION 39 (Count Six to Eight – Possession of Child Pornography – First Element – Possession)............................................................................................................................... 51

JURY INSTRUCTION 40 (Counts Six to Eight – Possession of Child Pornography – Second Element – Materials Previously Moved in Interstate Commerce)................................................. 52

JURY INSTRUCTION 41 (Counts Six to Eight – Possession of Child Pornography – Third Element – Depiction was Child Pornography) ............................................................................. 53

JURY INSTRUCTION 42 (Counts Six to Eight – Possession of Child Pornography – Fourth Element – Defendant Acted Knowingly)...................................................................................... 54

JURY INSTRUCTION 43 (The Indictment and the Statute – Count Nine – Cyberstalking)...... 55

JURY INSTRUCTION 44 (Count Nine – Cyberstalking - Elements of the Offense) ................. 56

JURY INSTRUCTION 45 (Count Nine – Cyberstalking – First Element – Use of Interstate Facility)...................................................................................................................................... 57

JURY INSTRUCTION 46 (Count Nine – Cyberstalking – Second Element – Course of Conduct with Intent)................................................................................................................................. 58

JURY INSTRUCTION 47 (Count Nine – Cyberstalking – Third Element – Victim Placed in Substantial Emotional Distress)................................................................................................... 59

JURY INSTRUCTION 48 (Penalty not proper consideration) .................................................... 60

JURY INSTRUCTION 49 (Concluding Instructions).................................................................. 61

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 1 (Roles of Judge and Jury)

MEMBERS OF THE JURY:

Thank you for your patience and attention throughout this case. I shall now instruct you as to the law applicable to the case before you.

Let me explain our respective roles, which are quite different. It is my duty as Judge to instruct you as to the law that applies to this case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be.

On these legal matters, you are required to follow the law exactly as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

None of you should be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

3

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 2 (Jury's duty to decide facts)

Your duty is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 3 (Bias, prejudice; Gov't as party)**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant who is charged with serious crimes. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case in litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

### JURY INSTRUCTION 4 (Improper considerations)

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national or ethnic origin, sex, sexual orientation, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

### JURY INSTRUCTION 5 (Sympathy)

Under your oath as jurors, it would be improper for you to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I instruct you. If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 6 (Conduct of counsel; exhibits not received; stricken testimony; stipulation; outside sources; incorporation of assumed facts on cross-examination)**

The statements, objections, and arguments of counsel are not evidence and should not be considered by you as evidence. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations.

Exhibits that were marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence. Admitted exhibits will be available for your review.

You are to disregard any testimony when I have ordered it to be stricken.

Only the witnesses' answers are evidence and you are not to consider a question as evidence.

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

Anything you may have seen or heard outside the courtroom, including any newspaper or media publicity of any kind, is not evidence and must be entirely disregarded. You must limit the information you get about the case to what came to you in the courtroom through the rules of evidence.

I remind you, ladies and gentlemen, that questions are not evidence, but answers are.

8

**JURY INSTRUCTION 7 (Duty of counsel to object; rulings on legal questions by judge; bench conferences)**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. The attorneys also have the right and duty to ask me to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me. You should not hold any prejudice against an attorney or the client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 8 (Charts, schedules, summaries)

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. The charts and summaries are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. So, while you are entitled to consider them, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 9 (Nature of indictment; burden of proof; presumption of innocence)

The defendant is charged in a charging instrument, a superseding indictment, with nine crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the superseding indictment, which I will refer to simply as "the indictment" in these instructions. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

Although the defendant has been indicted, you must remember that an indictment is only an accusation to which the defendant has pleaded not guilty. The indictment itself is not evidence.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of the charges against him. I therefore instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

---

### JURY INSTRUCTION 10 (Similar Acts)

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the Indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 11 (Similar Acts – Identity, Commons Scheme, Plan or Preparation)

There has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the Indictment.  If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and other conduct were part of a common plan or scheme committed by the defendant.

However, the evidence of similar conduct is to be considered by you only on the issue of identity, common scheme, plan or preparation.  It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of bad character or has the propensity to commit crime.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 12 [Intentionally left blank]**

### JURY INSTRUCTION 13 (Direct and circumstantial evidence)

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, feels, touches, or hears—that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Let me give you a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that

16

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

### JURY INSTRUCTION 14 (Inference)

During the trial, you have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but are not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here, again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

18

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

### JURY INSTRUCTION 15 (Credibility of witnesses; interest in outcome; law enforcement or federal employee witnesses)

Because you, the jurors, are the sole judges of the facts, you are also the sole judges of the credibility of the witnesses, and it is up to you to decide what weight, if any, should be given to a witness's testimony. You are not required to believe any witness even though his or her testimony is uncontradicted.

In deciding whether or not to believe a witness, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You should consider a witness's demeanor and manner of testifying on the stand. Was the witness candid, frank, and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

You should also consider whether a witness may have been biased. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice, or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

Another consideration is the witness's opportunity to observe the matters about which he or she testified, as well as the witness's ability to express himself or herself.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official or other government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

After you have considered all of the factors bearing upon the credibility of a witness that I have mentioned to you, you may decide to accept all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 16 (Expert Witness)

In this case, I have permitted a witness to express his opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 17 (Defendant's testimony)**

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 18 (Specific investigative techniques not required; Gov't not required to call all possible witnesses or present all exhibits)**

You are instructed that there is no legal requirement for the government to use any specific investigative technique to prove its case. The particular law enforcement techniques used or not used in this case are not your concern. Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 19 (Validity of search and seizure)

You have also heard testimony in this case regarding evidence seized by the government during the execution of search warrants. A search warrant is a court order that authorizes law enforcement officers to search a place that is otherwise private. You are hereby instructed that it is the responsibility of the Court alone to determine the validity and legality of those search warrants and other searches, and the Court has determined that the searches in this case were valid and legal. The fact that a court has found probable cause to issue search warrants is not evidence and should not be considered by you. Only the evidence seized and admitted during the trial may be considered by you. It is up to you to decide what significance, if any, the evidence seized may have in this case.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 20 (Transcripts of Recordings)

The government has been permitted to hand out a typed document that it prepared containing the government's interpretation of what appears on the video and audio recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the recordings. However, they are not in and of themselves evidence. Therefore, when the recordings were played I advised you to listen very carefully to the recording themselves. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 21 (All Available Evidence Need not be Produced)**

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.

26

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 22 (Intro to specific crimes instructions; multiple counts; Variance – dates)**

We shall next consider the crimes with which the defendant is charged in the indictment, and I shall discuss with you the rules of law that govern whether the crimes charged have been proven. Each alleged crime is charged in what is called a count.

The jury must consider each count against the defendant separately, and the burden is always upon the government to prove each count beyond a reasonable doubt.

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that specific acts occurred on or about certain dates. The proof need not establish with any certainty the exact date of the specific act charged. It is sufficient if the evidence in this case establishes that an offense was committed on a date reasonably near the date alleged in the indictment. The law only requires a substantial similarity between the date alleged in the indictment and the date established by testimony or exhibits.

27

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 23 (Knowingly; willful blindness)

In order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by a defendant's conduct and by all of the facts and circumstances surrounding the case.

You may infer that a defendant acted knowingly from circumstantial evidence or from proof that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of that fact. "Willful blindness" exists when a defendant, whose suspicion has been aroused, deliberately fails to make further inquiries. If you find that a defendant had a strong suspicion that someone withheld important facts, yet shut his eyes for fear of what would be learned, or deliberately failed to inquire further, you may conclude that he acted knowingly. Actual knowledge and deliberate or conscious avoidance of knowledge are the same thing.

It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 24 (Willfully)

You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or to disregard the law.

A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 25 (Intentionally)

The government must prove beyond a reasonable doubt that the defendant acted intentionally if and when he committed the crimes charged in the indictment. Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that he acted deliberately and purposefully. That is, a defendant's acts must have been the product of that defendant's conscious objective rather than the product of a mistake or accident.

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

### JURY INSTRUCTION 26 (Intent – inferences)

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made, any act done or omitted by the defendant, and all other facts and circumstances in evidence that indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### **JURY INSTRUCTION 27 (Knowledge, willfulness, intent)**

Knowledge, willfulness, and intent involve the state of a person's mind. The state of one's mind is a fact. Accordingly, this is a fact you are called upon to decide.

Rarely is direct proof available to establish the state of one's mind. However, state of mind may be inferred from what one says or does: one's words, one's actions, and one's conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 28 (Secretive behavior)**

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 29 (Using motive for intent)

Proof of motive is not a necessary element of the crime with which the defendant is charged.

Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is innocent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive was shown. But the presence or absence of motive is a circumstance you may consider as bearing on the intent of a defendant.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 30 (Introduction to the Charges)

The instructions which I have just given to you are more or less of a general nature applicable to all criminal cases before this Court.

We will next consider the crimes with which the defendant is charged in the indictment. The alleged crimes are charged in what is called a count. A defendant may be charged in more than one count of the indictment.

The Defendant is charged (1) in Counts One through Five with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a); (2) in Counts Six through Eight with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and (3) in Count Nine with Cyberstalking, in violation of 18 U.S.C. § 2261(A)(2)

The Defendant has denied that he is guilty of these charges.

Now I am going to give you specific instructions relevant to this particular case.

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

### JURY INSTRUCTION 31 (the Indictment and the Statute – Counts One through Five – Sexual Exploitation of a Child)

Counts One through Five of the Indictment charge the defendant with sexual exploitation of a child.  Counts One through Five of the Indictment reads as follows:

### COUNT ONE

#### (Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

On or about September 16, 2017, in the District of Maryland, the defendant,

### CHRISTOPHER KENJI BENDANN,

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depiction of such conduct, knowing and having reason to know that such a visual depiction was produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, a video file titled, "IMG_6965.mov," depicting the Minor Victim's genitals, said video file having been made with an iPhone 7 and stored on the iCloud account associated with DSTD: 105474467 and cbendann@gmail.com.

### COUNT TWO

#### (Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about June 21, 2018, in the District of Maryland, the defendant,

36

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

### CHRISTOPHER KENJI BENDANN

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim

to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2),

for the purpose of producing visual depiction of such conduct, knowing and having reason to know

that such a visual depiction was produced and transmitted using materials that were mailed,

shipped, and transported in interstate and foreign commerce by any means, including by computer,

and such visual depiction was actually transported and transmitted using any means and facility of

interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, three

video files titled, "1MG_6966.mov," "lMG_6967.mov," and "IMG_6968.mov" depicting the

Minor Victim's genitals, said video files having been made with an iPhone 7 and stored on the

iCloud account associated with DSID: 105474467 and cbendann@gmail.com.

### COUNT THREE

### (Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about August 26, 2018, in the District of Maryland, the defendant,

### CHRISTOPHER KENJI BENDANN,

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim,

to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2),

for the purpose of producing visual depiction of such conduct, knowing and having reason to know

that such a visual depiction was produced and transmitted using materials that were mailed,

shipped, and transported in interstate and foreign commerce by any means, including by computer,

and such visual depiction was actually transported and transmitted using any means and facility of

37

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, two video files titled, "IMG_6974.mov" and "IMG_6975.mov," depicting the Minor Victim's genitals, said video files having been made with an iPhone 7 and stored on the iCloud account associated with DSID: 1054 74467 and cbendann@gmail.com.

### COUNT FOUR

**(Sexual Exploitation of a Child)**

The Grand Jury for the District of Maryland further charges that:

On or about January 2, 2019, in the District of Maryland, the defendant,

### CHRISTOPHER KENJI BENDANN,

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depiction of such conduct, knowing and having reason to know that such a visual depiction was produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, a video file titled, "1MG_6969.mov," depicting the defendant touching Minor Victim's genitals, said video file having been made with an iPhone 7 and stored on the iCloud account associated with DSID: 105474467 and cbendann@gmail.com.

### COUNT FIVE

**(Sexual Exploitation of a Child)**

The Grand Jury for the District of Maryland further charges that:

38

On or about February 9, 2019, in the District of Maryland, the defendant,

**CHRISTOPHER KENJI BENDANN,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim,

to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2),

for the purpose of producing visual depiction of such conduct, knowing and having reason to know

that such a visual depiction was produced and transmitted using materials that were mailed,

shipped, and transported in interstate and foreign commerce by any means, including by computer,

and such visual depiction was actually transported and transmitted using any means and facility of

interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, a

video file titled, "IMG_6976.mov," depicting the defendant touching Minor Victim's genitals, said

video file having been made with an iPhone XS and stored on the iCloud account associated with

DSID: 105474467 and cbedann@gmail.com.

The Indictment charges the defendant with violating section 2251 of Title 18 of the United

States Code.

That section provides in relevant part:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to
engage in . . . any sexually explicit conduct for the purpose of producing any visual
depiction of such conduct or for the purpose of transmitting a live visual depiction of
such conduct, shall be [guilty of a crime] if such person knows or has reason to know
that such visual depiction will be transported or transmitted using any means or
facility of interstate or foreign commerce or in or affecting interstate or foreign
commerce or mailed, if that visual depiction was produced or transmitted using
materials that have been mailed, shipped, or transported in or affecting interstate or
foreign commerce by any means, including by computer, or if such visual depiction
has actually been transported or transmitted using any means or facility of interstate
or foreign commerce or in or affecting interstate or foreign commerce or mailed.
. . . .
Any individual who violates, or attempts or conspires to violate, this section shall be
[guilty of a crime].

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

**JURY INSTRUCTION 32 (Counts One to Five – Sexual Exploitation of a Child - Elements of the Offense)**

In order to prove the defendant guilty of Counts One through Five of sexual exploitation of a child, the government must prove each of the following elements beyond a reasonable doubt:

First, that the minor victim alleged in the Indictment was under the age of eighteen;

Second, that the defendant used or employed or persuaded or induced or enticed or coerced the person depicted to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

Third, that the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 33 (Counts One to Five – Sexual Exploitation of a Child - First Element – Age of Minor)**

The first element that the government must prove beyond a reasonable doubt is that the person depicted in the visual depiction was less than eighteen years old at the time of the acts alleged in the Indictment.

The government does not have to prove that the defendant knew that the person in the visual depiction was less than eighteen years old.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 34 (Counts One through Five – Sexual Exploitation of a Child - Second Element – Visual Depiction of Sexually Explicit Conduct)**

The second element that the government must prove beyond a reasonable doubt is that defendant used or employed or persuaded or induced or enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct or for the purpose of transmitting a live visual depiction of that conduct.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of the sexually explicit conduct, or for the purpose of transmitting a live visual depiction of that conduct, you may consider all of the evidence concerning the defendant's conduct. The government does not have to prove that the sole or primary purpose of engaging in such conduct was to produce a visual depiction or to transmit a live depiction. But the government must prove that producing a visual depiction of the sexually explicit conduct or transmitting a live visual depiction of the conduct was one of the defendant's purposes for using or employing or persuading or inducing or enticing or coercing the victim to engage in sexually explicit conduct. And that it was a significant or motivating purpose and was not merely incidental to the sexually-explicit conduct. While the government must prove that defendant acted with the purpose of producing or transmitting a visual depiction of the child engaging in sexually explicit conduct or for the purpose of transmitting a live visual depiction of that conduct, it is not required that the government prove that the visual depiction of that conduct was actually produced or transmitted.

42

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

## JURY INSTRUCTION 35 (Counts One to Five – Sexual Exploitation of a Child - Sexually Explicit Conduct Defined)

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area;

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child;

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

43

*United States v. Christopher Kenji Bendann,* JKB-23-278

Jury Instructions

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance that you give to any one factor is up to you to decide.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 36 (Counts One to Five – Sexual Exploitation of a Child - Third Element – Visual Depiction Actually Moved in Interstate Commerce)**

The third element which the government must prove beyond a reasonable doubt is, with respect to Counts One through Five, (1) that the visual depiction was either produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means; or (2) that the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce; or (3) that defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce.

Simply stated, the phrase "materials . . . transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. Here, the government alleges that the devices used to take the videos or images in question, or the electronic memory device(s) used to save the videos or images in question, were manufactured in another state or foreign country. I instruct you that if you find that the devices were manufactured outside the United States or the state of Maryland, that is sufficient to satisfy this element. The government does not have to prove that the defendant personally transported the items used to produce the depictions across a state line, or that the defendant knew that the items had previously crossed a state line.

As I mentioned, the indictment also alleges that the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce. This means that the government must prove that the visual depiction crossed between one state and another or between the United States and a foreign country. Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a

45

reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

To prove that the defendant knew and intended that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce or that the defendant had reason to know that this transportation or transmission would occur, the government must establish that it was reasonably foreseeable that the defendant's activities would result in the depiction's transportation or transmission in or affecting interstate commerce or mailing. The government does not have to prove that the depiction was actually mailed or moved in interstate commerce.

### JURY INSTRUCTION 37 (The Indictment and the Statute – Counts Six to Eight – Possession of Child Pornography)

Counts Six through Eight of the Indictment charges the defendant with possessing child pornography. Counts Six through Eight of the Indictment reads as follows:

### COUNT SIX

### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

In and between September 1, 2017 and January 23, 2023, in the District of Maryland, the defendant,

### CHRISTOPHER KENJI BENDANN,

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been mailed, shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, an internet-based iCloud account associated with DSID: 105474467 and cbedann@gmail.com containing one or more visual depictions of a minor engaged in sexually explicit conduct.

### COUNT SEVEN

### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about February 3, 2023, in the District of Maryland, the defendant,

**CHRISTOPHER KENJI BENDANN,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been mailed, shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, Dell Inspiron 15 laptop, service tag HWSNXN2, containing one or more visual depictions of a minor engaged in sexually explicit conduct.

## COUNT EIGHT

### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about February 3, 2023, in the District of Maryland, the defendant,

**CHRISTOPHER KENJI BENDANN,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been mailed, shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, Sony Vaio laptop, serial number 3109183, containing one or more visual depictions of a minor engaged in sexually explicit conduct.

Counts Six through Eight of the Indictment charges the defendant with violating section

2252A of Title 18 of the United States Code. That section provides in relevant part:

> [Any person who] . . . (B) knowingly possesses, or knowingly accesses with intent
> to view, any book, magazine, periodical, film, videotape, computer disk, or any
> other material that contains an image of child pornography that has been mailed, or
> shipped or transported using any means or facility of interstate or foreign commerce
> or in or affecting interstate or foreign commerce by any means, including by
> computer, or that was produced using materials that have been mailed, or shipped
> or transported in or affecting interstate or foreign commerce by any means,
> including by computer [shall be guilty of a crime].

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 38 (Counts Six to Eight – Possession of Child Pornography – Elements of the Offense)**

In order to prove the defendant guilty of possessing or knowingly accessing child pornography, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly possessed or knowingly accessed a visual depiction, as I will explain that term to you.

Second, that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce or that the offense was committed in the special maritime and territorial jurisdiction of the United States;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 39 (Count Six to Eight – Possession of Child Pornography – First Element – Possession)**

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly possessed or knowingly accessed with intent to view a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The government must prove that defendant possessed or accessed the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 40 (Counts Six to Eight – Possession of Child Pornography – Second Element – Materials Previously Moved in Interstate Commerce)**

The second element that the government must prove beyond a reasonable doubt is that either (1) the child pornography was mailed or transported in or affecting interstate or foreign commerce, or (2) the child pornography was produced using materials that had been transported in or affecting interstate or foreign commerce. This means that the government must prove, either:

1. That the child pornography crossed between one state and another or between the United States and a foreign country. Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet; or

2. That the materials used to produce the child pornography had previously moved from one state to another or between the United States and another country. Here, the government alleges that the devices used to take the videos or images in question, or the electronic memory devices used to save or store the videos or images in question, were manufactured in another state or foreign country. I instruct you that if you find that the device was manufactured outside the United States or the state of Maryland, that is sufficient to satisfy this element. The government does not have to prove that the defendant personally transported the device across a state line, or that the defendant knew that the device had previously crossed a state line.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 41 (Counts Six to Eight – Possession of Child Pornography – Third Element – Depiction was Child Pornography)**

The third element that the government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I have explained that term to you, and that portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 42 (Counts Six to Eight – Possession of Child Pornography – Fourth Element – Defendant Acted Knowingly)

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knew that the material he possessed was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 43 (The Indictment and the Statute – Count Nine – Cyberstalking)**

The indictment charges the defendant with use of the mails or interstate facilities to engage in stalking. The indictment reads as follows:

## COUNT NINE

### (Cyberstalking)

The Grand Jury for the District of Maryland further charges that:

In and between May 2022 through December 2022, in the District of Maryland, the defendant,

### CHRISTOPHER KENJI BENDANN,

did, with intent to harass and intimidate another person, use interactive computer services, electronic communication services, and electronic communication systems of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expect to cause substantial emotional distress to a person to wit: BENDANN sent electronic messages by way of cellular phone to Minor Victim demanding contact and explicit images of Minor Victim, and threatening to expose sexually explicit images of Minor Victim publicly if Minor Victim did not comply.

The indictment charges the defendant with violating section 2261A(2) of Title 18 of the United States Code. That section provides in relevant part:

Whoever . . . with the intent to harass, or intimidate, uses any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
    (A) places that person in reasonable fear of the death of or serious bodily injury to that person; or
    (B) causes, attempts to cause or would reasonably be expected to cause substantial emotional distress to a person
shall be guilty of a crime.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 44 (Count Nine – Cyberstalking - Elements of the Offense)**

In order to prove the defendant guilty of the use of the mails or interstate facilities to engage in stalking, the government must prove each of the following elements beyond a reasonable doubt:

First, that defendant used an interactive computer service or an electronic communication service or an electronic communication system, or any other facility of interstate commerce, as charged in the indictment.

Second, that defendant did so to engage in a course of conduct with the intent to harass, intimidate, or cause substantial emotional distress to Thomas Furlong or a member of his immediate family or his spouse or intimate partner.

Third, that as a result of that course of conduct, Thomas Furlong or a member of his immediate family or his spouse or intimate partner experienced substantial emotional distress.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 45 (Count Nine – Cyberstalking – First Element – Use of Interstate Facility)**

The first element which the government must prove beyond a reasonable doubt is that defendant used an interactive computer service or an electronic communication service or an electronic communication system, or any other facility of interstate commerce, as charged in the indictment.

The indictment alleges that the communication was actually transported in a facility of interstate or foreign commerce. Transmission of communications by means of the telephone or Internet constitutes transportation in a facility of interstate commerce regardless of whether the communication actually crossed a state line. However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the telephone or Internet.

An "interactive computer service" is any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

An "electronic communication service" is any service which provides to users thereof the ability to send or receive wire or electronic communications.

An "electronic communication system" is any wire, radio, electromagnetic, photo-optical or photo-electronic facility for the transmission of wire or electronic communications, and any computer facility or related electronic equipment for the electronic storage of such communications.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 46 (Count Nine – Cyberstalking – Second Element – Course of Conduct with Intent)**

The second element which the government must prove beyond a reasonable doubt is that defendant engaged in a course of conduct with the intent to harass, intimidate, or cause substantial emotional distress to Thomas Furlong.

A "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. Thus, the government must establish that defendant engaged in two or more acts which demonstrated a continuity of purpose to place Thomas Furlong in substantial emotional distress.

Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

**JURY INSTRUCTION 47 (Count Nine – Cyberstalking – Third Element – Victim Placed in Substantial Emotional Distress)**

The third element which the government must prove beyond a reasonable doubt is that as a result of that course of conduct, Thomas Furlong experienced substantial emotional distress.

To establish this element, the government must prove that as a result of the defendant's conduct, an ordinary and reasonable person in Thomas Furlong's position would have experienced substantial emotional distress.

## JURY INSTRUCTION 48 (Penalty not proper consideration)

I have finished the court's instructions on the specific crimes charged. As you deliberate, I caution you that the question of possible punishment of the defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence, if the defendant is convicted, rests exclusively upon the court. Similarly, the possible consequences of a not guilty verdict are of no concern to you. Your duty is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the evidence presented.

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

### JURY INSTRUCTION 49 (Concluding Instructions)

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in light of the instructions I have given you, and use the same common sense and the same intelligence that you would use in determining any important matter that you have to decide in the course of your own affairs.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Upon retiring to the jury room, your first duty will be to elect a foreperson. The foreperson has no extra vote, but he or she will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer. Never attempt to communicate with the court except in writing. You will note from the oath about to be taken by the court security officer that he or she, as well as all other persons, are forbidden to communicate in any way or manner with any member

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

of the jury on any subject touching the merits of the case. And bear in mind always that you are not to tell to the court, or anyone else, how you stand in terms of a numerical division, until after you have reached a unanimous verdict.

In order to record your verdict in this case, we have prepared a verdict form for you.

(Review verdict form.)

When you have reached a unanimous agreement, the foreperson should fill out the verdict form in accordance with your agreement. Then the foreperson should sign and date the form in the space provided at the end.

When you have agreed and finished completing the verdict form, the foreperson should rap on the door and inform the Clerk or Court Security Officer simply that you have agreed upon a verdict. The foreperson should not disclose or indicate in any way what your verdict is at that time. The verdict must be announced for the first time in open court.

When you return to the jury box, the Clerk will ask you, "Have you agreed upon your verdict?" And we hope that you collectively will respond that you have.

The Clerk will then ask, "Who shall say for you?" All of you will respond, "Our foreperson."

Your foreperson will then stand and present the verdict form to the Clerk, who will hand it to me. After I review it, I shall read the verdict out loud in open court.

I remind you that you may not conduct any research by using any source whatsoever to learn more about this case, the issues in the case, or anyone associated with this case. And I further caution you not to communicate with anyone other than your fellow jurors in this case about your deliberations. Until the jury has rendered its verdict in open court, you are prohibited from

*United States v. Christopher Kenji Bendann,* JKB-23-278
Jury Instructions

commenting, whether in person, over the telephone, through the Internet, or through any other means, about this case.

While you are in the jury deliberation room, all electronic devices must remain completely off. Only when you are on break from deliberations may you turn on your cell phone or other electronic device to communicate with anyone outside of your fellow jurors, and only then to discuss matters that have no relation to this trial.

[EXCUSE ALTERNATES]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:   JKB-23-278** |
| **CHRISTOPHER KENJI BENDANN,** | |
| **Defendant.** | |

## VERDICT FORM

1. How do you find defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT ONE** – Sexual Exploitation of a Child, on or about September 16, 2017?

    Not Guilty _____          Guilty_____

2. How do you find defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT TWO** – Sexual Exploitation of a Child, on or about June 21, 2018?

    Not Guilty _____          Guilty_____

3. How do you find defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT THREE** – Sexual Exploitation of a Child on or about August 26, 2018?

    Not Guilty _____          Guilty_____

4. How do you find defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT FOUR** – Sexual Exploitation of a Child on or about January 2, 2019?

    Not Guilty _____          Guilty_____

5. How do you find defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT FIVE** – Sexual Exploitation of a Child on or about February 9, 2019?

    Not Guilty _____          Guilty_____

6. How do you find the defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT SIX** – Possession of Child Pornography (iCloud account), on or about September 1, 2017, through on or about January 23, 2023?

Not Guilty _____                Guilty _____

7. How do you find the defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT SEVEN** – Possession of Child Pornography (Dell Inspiron laptop), on or about February 3, 2023?

Not Guilty _____                Guilty _____

8. How do you find the defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT EIGHT** – Possession of Child Pornography (Sony Vaio laptop), on or about February 3, 2023?

Not Guilty _____                Guilty _____

9. How do you find the defendant **CHRISTOPHER KENJI BENDANN** as to **COUNT NINE** – Cyberstalking, from May 2022 through December 2022?

Not Guilty _____                Guilty _____

The foregoing constitutes the unanimous verdict of the jury.

_____                _____
DATE                                    FOREPERSON

2