IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No.: JKB-23-0278 |
| CHRISTOPHER BENDANN | * |
|  | * |

\* * * * * * * * * * * * *

### REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM

Now comes Christopher Bendann, by and through undersigned counsel, to respectfully reply to the Government's sentencing memorandum. In support, Mr. Bendann states the following:

1. Sentencing in this matter is scheduled for January 21, 2025.

2. While most of the Government's arguments may be adequately addressed at the hearing

in this matter, Defendant writes specifically to rebut what is contained on page 20 of said sentencing memorandum, the allegations made by RB.[1] Defendant objects to your Honor considering the RB allegations in any way at sentencing in this matter.

3. The Government's Memorandum states that:

> The Defendant was awake and had both RB and his younger brother drink tea that he had made. RB then remembers going to his room to pass out and sleep. RB was awakened and found himself, naked, being put into the shower by the Defendant. RB then recalled being back in his room and the Defendant performed fellatio on him. RB felt drugged on top of the alcohol he had already consumed. When he woke in the morning, he was only in a towel. RB stated that he suppressed this incident for several years and began to abuse drugs and alcohol

Id. at 20.

---

[1] The Government's unredacted sentencing memorandum contain's RB's full name, while the redacted version filed in the public record blacks out his name entirely. As this document is being filed via ECF, defense counsel have treaded the middle ground of using his initials only.

1

4. The Government's memo attaches a police report, and RB's statement was provided to Chambers. There are, however, a myriad of problems with RB's statement. Firstly, RB claims that his brother BB was involved in the sex acts. When asked if his brother participated, RB replies that "I think" the Defendant performed oral sex on his brother. RB's videotaped statement at minute 43. At minutes 46, RB states again that his brother was present when the Defendant had sex with him.

5. What the Government omits from its sentencing memorandum is that RB's brother, BB, was interviewed on July 25, 2023. In his interview, he stated that he thought the times that Mr. Bendann babysat him were "fine." He stated that he does not remember anything out of the ordinary happening. He was asked directly about drinking tea, and he had absolutely no recollection of any such event ever occurring. Indeed, he categorically denied that Mr. Bendann had ever done anything that would make BB a victim.

6. As such, the allegations of RB are just that: allegations. They do not remotely fit the mold of anything else Mr. Bendann has ever been accused of. The Government concedes, and RB confirms, that RB is a recovering addict, with mental health struggles, and is estranged from much of his family.[2] RB claims recall of events on an evening when, by his own admission, he had had "8 beers…maybe a shot or 2..at this point, I was a daily weed smoker." Statement of RB at minute 28-29. He acknowledges some bad blood with Mr. Bendann because Mr. Bendann did not let him bring a girl up to his room while Defendant was babysitting "and I just thought this guy is a fucking faggot." Minute 26.

7. Moreover, his statement is vague and perpetually couched in terms such as "I want to

---

2 Around 61 minutes into his interview RB states that his siblings stopped speaking to him "when I got arrested last Spring on 3 felony counts." The Government has provided the undersigned with RB's NCIC report, which lists no law enforcement interactions other than traffic citations.

2

say," "I'm pretty sure," "I feel like," all the while large swathes of the memories are "pretty patchy."

8. The RB allegations are uncharged conduct. The burden is on the Government to prove by a preponderance that the evidence is sufficiently reliable to warrant the Court's consideration. *United States v. Grubbs*, 585 F.3d 793 (4th Cir. 2009). They have resoundingly failed to do so.

9. Even if the evidence were reliable, which it is not, to consider it in the manner the Government has proffered violates the Confrontation Clause. RB will not be a sentencing witness. There is no statement under oath. This Court cannot just take his word for it in the absence of anything to provide sufficient indicia of reliability, and the presence of much to give pause.

10. As the Court is no doubt aware, the United States Sentencing Commission unanimously voted to preclude the consideration of acquitted conduct at sentencings. See, https://www.ussc.gov/about/news/press-releases/april-17-2024 (last visited 1/13/25). However, at least with acquitted conduct, the evidence presumably rose to the level of probable cause such that a grand jury returned an indictment. Here, we have less than that. As Exhibit B to the Government's sentencing memo narrates: "The State's Attorney's Office has declined to prosecute this case at this time. No further investigation at this time. Case Closed." Id. at 7.

11. Accordingly, Defendant requests that the allegations RB be stricken from the Government's sentencing memorandum, and not be considered by the Court in any way.

**WHEREFORE**, Mr. Bendann respectfully requests that the Court consider this reply in fashioning an appropriate sentence.[3]

---

3 The Government have indicated to defense counsel that RB will be providing a "victim impact" statement, although counsel has not yet received any. For the reasons outlined herein, and those detailed in ECF 177, Defendant would object to its consideration by this Court should

3

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Christopher Nieto
233 E. Redwood Street, Suite 1000C
Baltimore, MD 21202

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January, 2025 a copy of the foregoing Reply to the Government's sentencing memorandum was filed via ECF, which will cause it to be served on all counsel of record.

_____/s/_____
Gary E. Proctor
Attorney for Mr. Bendann

---

one be submitted.

4