IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Crim. No. JKB-23-0278 |
| CHRISTOPHER KENJI BENDANN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Sentencing in this matter is scheduled for Tuesday, January 21, 2025. (ECF No. 166 at 3.) Now before the Court is Defendant's Motion to Strike Impermissible Victim Impact Statements. (ECF No. 177.) The Motion will be denied.

In his Motion, Defendant offers essentially three arguments as to why the Court should not consider certain of the Government's anticipated victim-impact statements, in whole or in part, at sentencing. First, he argues that several of the putative victims are not "victims" under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and consequently have no right to offer their statements to the Court. (*See* ECF No. 177 at 3–5.) Second, he argues that several of the putative victims' statements inappropriately weigh in on sentencing. (*See id.*) Third, he argues that several of the statements inappropriately impugn Defendant's character. (*See id.*)

Separate and apart from crime victims' rights under the CVRA,[1] the primary statute that governs what a court may consider at sentencing is 18 U.S.C. § 3661. That statute provides that there is "[n]o limitation . . . on the information concerning the background, character, and conduct

---

[1] The CVRA provides, in relevant part, that "[a] crime victim has . . . [t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). It defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense." *Id.* § 3771(e)(2)(A).

of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. On the contrary, a sentencing court "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." *United States v. Foutz*, 865 F.2d 617, 620 (4th Cir. 1989) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)); *accord United States v. Phillips*, 204 F. App'x 230, 232 (4th Cir. 2006) ("[S]entencing courts have always maintained the power to consider the broad context of a defendant's conduct . . . ."). This broad authority promotes "the general principle that a sentence should be appropriately tailored to account for all information available to the sentencing court at the time a sentence is imposed." *See United States v. Rumley*, 952 F.3d 538, 546 (4th Cir. 2020).

Because 18 U.S.C. § 3661 places no significant limits on what the Court may consider at sentencing, the issue of who qualifies as a "victim" is moot, as are Defendant's arguments about the content and tone of the anticipated statements. Indeed, for precisely that reason, the Fourth Circuit has repeatedly declined to consider similar arguments about victim-impact statements in other cases.[2] *See, e.g., United States v. Spiwak*, 377 F. App'x 319, 323–24 & n.3 (4th Cir. 2010) ("Bearing in mind the considerable latitude that district courts enjoy at sentencing, as authorized by [§ 3661], we cannot say that the district court abused its discretion [in considering a putative victim's statement]." (citation omitted)); *United States v. Myers*, 402 F. App'x 844, 845 (4th Cir. 2010) ("We need not determine . . . whether the witness was a crime victim under [§ 3771], as it is clear that her statement was admissible for the purpose of imposing an appropriate sentence under [§ 3661]."); *see also United States v. Craig*, 321 F. App'x 322, 323–24 (4th Cir. 2009);

---

[2] Defendant cites to two cases that discuss restrictions on what a sentencing jury may hear in capital cases. (*See* ECF No. 177 at 2 (first citing *United States v. Johnson*, 362 F. Supp. 2d 1043, 1107 (N.D. Iowa 2005), and then citing *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016)). But the Supreme Court has made clear that these restrictions are "expressly limited to that particular type of victim impact testimony." *Bosse*, 580 U.S. at 2 (cleaned up) (citation omitted).

*United States v. Kennedy*, 292 F. App'x 240, 243 (4th Cir. 2008).

Accordingly, it is hereby ORDERED that Defendant's Motion to Strike, (ECF No. 177), is DENIED.

DATED this __17th__ day of January, 2025.

BY THE COURT:

/s/ JAMES K. BREDAR

_____
James K. Bredar
United States District Judge