IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. JKB-23-278 |
| | * | |
| CHRISTOPHER KENJI BENDANN, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## PRELIMINARY ORDER OF FORFEITURE

Whereas, on May 29, 2024, a federal grand jury sitting in the District of Maryland returned a Superseding Indictment charging Christopher Kenji Bendann (the "Defendant") with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) (Counts One through Five); Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256 (Counts Six through Eight); and Cyberstalking, in violation of 18 U.S.C. §§ 2261A(2) and 2261(b)(5) (Count Nine). ECF No. 96; and

Whereas, the Superseding Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 2253, upon conviction of the Defendant of the offenses alleged in Counts One through Eight of the Superseding Indictment; and

WHEREAS, on August 28, 2024, following a six-day jury trial, the Defendant was convicted on Counts One through Nine of the Superseding Indictment by a federal jury sitting in the District of Maryland. ECF No. 161; and

WHEREAS, the United States admitted evidence at trial establishing the requisite nexus between the Subject Property and the Defendant's offenses; and

WHEREAS, the United States is now entitled to a Preliminary Order of Forfeiture against

the following firearms and ammunition involved in or used in the Defendant's offenses pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure:

(1) Apple iPhone model: A1549, IMEI: 354405069758749;

(2) White Apple iPhone and clear Gilman case;

(3) Apple iPhone11 Pro, s/n: C39CK3CRN6XR;

(4) Sony Vaio Notebook laptop, serial number 3109183; and

(5) Dell Inspiron 15 laptop, service tag: HWSNXN2

(collectively, 23-FBI-009543, the "Subject Property");

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

1. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

2. Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 2253.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
The Honorable James K. Bredar
United States District Judge

Dated: Jan. 21, 2025