

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Colleen Elizabeth McGuinn*                    *Suite 400*                          *DIRECT: 410-209-4823*
*Assistant United States Attorney*               *36 S. Charles Street*                     *MAIN: 410-209-4800*
*Colleen.McGuinn@usdoj.gov*                  *Baltimore, MD 21201-3119*                *FAX: 410-962-3091*

February 13, 2025

The Honorable James K. Bredar
United States District Court Judge
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD  21201

      Re:   *United States v. Christopher Kenji Bendann*
             Case No. JKB-23-278

Dear Judge Bredar:

      The Government writes in compliance with your order, ECF 204, requiring that the parties state their respective positions about the release of unredacted trial transcripts to a third party.  The Defendant has stated that he does not oppose the release of unredacted transcripts. ECF 205.   The Government opposes and requests that any transcript released has the full name of Minor Victim, his date of birth, his address(es), the name of his college, his nickname, as well as his last name as it relates to his parents (two of the testifying witnesses) appropriately redacted.  The Government makes this request as to the transcript of any proceeding related to this matter including motions hearings, trial, and sentencing.  Should the Court require the Government to file a more formal motion, requesting to redact Minor Victim's name and identifying information in trial transcripts, the Government will subsequently do so.

      The Government first relies on 18 U.S.C. § 3509, the Child Victims' and Child Witnesses' Rights statute, as a touchstone. The statute defines a "child" as a person under the age of 18 and who is or is alleged to be the "victim of a crime of physical abuse, sexual abuse, or exploitation." *Id*. § (a)(2)(A).  Subsection (d) of this statute discusses the privacy protections children are afforded under the law, namely that all documents that disclose the name or any other information concerning a child be kept in a secure place to which no person who does not have reason to know their contents has access. *Id*. § (d)(1).  Moreover, all papers to be filed in court that disclose the name or any information concerning a child should be sealed with a redacted version available on the public docket. *Id*. § (d)(2).  These privacy protections are automatic for documents in a criminal proceeding without the need of a protective order.

      The Government next relies on the Crime Victims' Rights Act, 18 U.S.C. §3771, which requires that the district court implement procedures to ensure that crime victims are afforded,

among other rights, the "right to be reasonably protected from the accused," and the "right to be treated with fairness and with respect for the victim's dignity and privacy." *Id.* §§(a)(1), (a)(8).

Minor Victim was under the age of 18 at the time of the offenses encompassing Counts 1 through 8 of the Superseding Indictment; Minor Victim was an adult at the time the conduct related to Count 9 was committed.  However, Count 9, Cyberstalking, was an extension of the same sexual abuse and exploitation that begin when Minor Victim was 16 years old.  Even though Minor Victim is now an adult, the protections of the Child Victims' and Child Witnesses' Rights Act still apply.  *See Doe v. Menefee*, 391 F.3d 147, 151 n. 4 (2d Cir. 2004) and *United States v. Weber*, 2020 WL 5531562 (D.S.D. Sept. 15, 2020).  *See also*, *United States v. Lewis*, 2017 WL 750456, at *5 (adult witnesses who were child victims are entitled to have their identity protected.  The protection of §3509(d) "applies when victims are no longer underage").  Moreover, Courts have held that victims of sexual abuse are entitled to privacy protections "whether or not the alleged victims are minor or adults or adults testifying about abuse that allegedly occurred when they were minors." *United States v. Bannister*, 2023 WL 2596890 at *2.

The crimes committed against Minor Victim, though obviously horrific, are personally embarrassing, humiliating, and detrimental to Minor Victim.  Minor Victim testified about this humiliation and the difficulties he has encountered; explicit videos of him as well as hundreds of text messages between him and the Defendant were introduced into evidence.  The Government, throughout trial, took precautions to keep Minor Victim's name out of all public filings, to include the Indictment, the Superseding Indictment, filed Motions, docketed Jury Instructions, etc. without objection from the Defendant's counsel. In fact, the Defendant's counsel also refrained from using Minor Victim's name in their own filings, pursuant to the statute.  During the trial itself, Minor Victim testified using his name, as did his parents; however, all parties did limit the use of Minor Victim's name and nickname as much as possible and often referred to Minor Victim by his initials or just his first name, while still adhering to the Defendant's right to confrontation under the Sixth Amendment.   The Government, the Defendant, and this Court proceeded in this fashion, in part because of the existence of the Crime Victims' Rights Act and the "dignity and privacy" to which Minor Victim was entitled (18 U.S.C. §3771 (a)(8)).  The Court, and the attorneys, had a statutory duty to protect Minor Victim's rights and should therefore have a continuing duty as well.[1]  As a general premise, if victims of abuse were not provided these protections and were subjected to publicity, harassment, and embarrassment, other alleged victims of sex crimes may be deterred from coming forward to report abuse. *See United States v. Raniere*, 2022 WL 17544087 at *6, and *United States v. Maxwell*, 20 Cr. 330, Dkt 465 at 6-8 (AJN)(S.D.N.Y. Nov. 1, 2021).

The issue now is whether or not a third party is entitled to unredacted transcripts that would include Minor Victim's full name and other identifying information about Minor Victim such that his identity would be publicly known.   The Government did not file a pre-trial protective order, under 18 U.S.C.§3509 (d)(3), however that does not negate this Court from ordering that any transcripts released to third parties should be redacted of Minor Victim's name and identifying information.  The Government argues that because both the Child Victims' and

---

[1] The Government would note that throughout the trial, the news media refrained from using or publishing Minor Victim's name and that of his family.  Though not bound by the protection statutes, the news media recognized the privacy and dignity interests of Minor Victim as overriding that of public disclosure.

Child Witnesses' Rights Act and the Crime Victims' Right Act are applicable to Minor Victim, the Court can and should extend those protections post-trial as to any transcripts released to third parties.

In *United States v. Deschambault*, 19-CR-0187-JAW, 2023 WL 3305173 (D. Me. May 8, 2023), the Court ruled that the post-trial request for victim confidentiality with regard to the redaction of publicly available transcripts was permissible and ultimately ruled the transcripts should be reacted. In that case, as here, the victim testified publicly using her real name without a protective order in place, under 18 U.S.C. §3509(d)(3). The Court considered the right to public access of the unredacted transcripts in light of the victim's decision to testify publicly using her name and identifying information. The Court ultimately held that it would strike a balance in favor of the victim. "Even though the Government has not explained why the victim wishes the transcripts redacted, it is not difficult to surmise, given the nature of the videos and her testimony, that the victim is concerned that the revelation of her name in publicly docketed transcripts could lead to harassment or embarrassment. It is one thing for victims to reveal their identities to a limited number of people in a courtroom; it is another to do so to an unknowable number of strangers through electronic docket access." *Id*. at *5. *See also United States v. Bannister*, 2023 WL 2596890 (There is no compelling need that the defendant can identify to have the names of the victim, or her mother, disclosed in publicly docketed filings)

Although the Fourth Circuit has not addressed this specific issue in the criminal realm, there is some guidance as to how the Fourth Circuit balances the privacy needs of a victim against the rights of a defendant and of public access. In *Roe v. Doe*, 319 F.Supp.3d 422(2018), the plaintiff brought a civil action against her alleged perpetrator for various claims arising out of sexual assault. The Court relied on a multi-prong test as to the privacy of a victim of sexual assault and allowing a victim to use a pseudonym. The test, provided in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), weighs the following factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly (5) the risk of unfairness to the opposing party from allowing an action to proceed anonymously.

To the extent those factors provide some guidance here, the need to preserve Minor Victim's privacy in a sensitive and highly personal matter is paramount. Additionally, the public identification of Minor Victim, outside of a courtroom, would obviously inflict unnecessary mental anguish, as he was very young at the time these offenses commenced and is still now a young adult trying to move forward from years of abuse, manipulation, and cruelty. The Defendant will not suffer any unfairness should Minor Victim's name be withheld from third parties, as he already had his "day in court" to confront Minor Victim without the use of pseudonyms or in-camera proceedings.

Minor Victim was protected by statute throughout the trial process to protect his privacy and dignity; it stands to reason that this Court should continue to protect those interests, post-trial, to third parties.

Very truly yours,

Erek L. Barron
United States Attorney

By: _____
Colleen Elizabeth McGuinn
Kim Y. Hagan
Assistant United States Attorneys