IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CRIMINAL CASE NO. |
| ) | 1:23-cr-00278-JKB-1 |
| CHRISTOPHER KENJI BENDANN ) | |

FRIDAY, AUGUST 9, 2024
Courtroom 7B
Baltimore, Maryland

INITIAL APPEARANCE

BEFORE: THE HONORABLE J. MARK COULSON, Magistrate Judge

<u>On Behalf of the United States</u>:

    COLLEEN E. MCGUINN, ESQUIRE
    KIM HAGAN, ESQUIRE
    Office of the United States Attorney
    36 South Charles Street, 4th Floor
    Baltimore, MD 21201

<u>On Behalf of the Defendant</u>:

    CHRISTOPHER NIETO, ESQUIRE
    Law Office of Christopher C. Nieto
    1 North Charles Street, Suite 1301
    Baltimore, MD 21201

    GARY PROCTOR, ESQUIRE
    Gary E. Proctor, LLC
    233 E. Redwood Street, Suite 1000C
    Baltimore, MD 21202

---

Proceedings Recorded by Audio Recording
Transcript Produced by Computer-Aided Transcription

Reported by: Kassandra L. McPherson, RPR
Federal Official Court Reporter
101 W. Lombard Street, 4th Floor
Baltimore, MD 21201
(410) 962-4544

```
                    P R O C E E D I N G
                        9:11 a.m.
```

THE COURT: Good morning, everyone.

This is United States of America versus Christopher Bendann, Criminal Number JKB-23-28.

Counsel put their appearances on the record, please.

MS. MCGUINN: Your Honor, good morning. Assistant United States Attorney Colleen McGuinn on behalf of the Government, standing to my left is my co-counsel Kim Hagan also from the U.S. Attorney's office.

THE COURT: Ms. McGuinn, Ms. Hagan, good morning to you both.

MR. NIETO: For the record, Christopher Nieto and Gary Proctor on behalf of Mr. Bendann who is standing in between us.

THE COURT: Mr. Nieto and Mr. Proctor, good morning to you both.

Good morning, sir. Are you Christopher Bendann?

THE DEFENDANT: Good morning, Your Honor. Yes, I am.

THE COURT: Good morning.

You may all be seated.

Mr. Bendann, we are here for an initial appearance and an arraignment. Is that right, Ms. McGuinn?

MS. MCGUINN: Yes, Your Honor.

THE COURT: We're here for an initial appearance and arraignment in this case. As I review the docket you have been

charged with a Superseding Indictment earlier this summer, on May 29th. So the purpose of today is to both discuss those charges, the nature of the charges, the maximum penalties that you may receive if you are convicted, to reaffirm two important rights that have you, and also in going to the arraignment to give you an opportunity to enter a formal plea in response.

Before we go through all of that, I do have a few questions for you.

First, can you tell me the year that you were born, just the year.

THE DEFENDANT: July -- or 1984.

THE COURT: And do you read, write, and understand the English language?

THE DEFENDANT: Yes, I do.

THE COURT: Are you under the influence of any substance or do you have any medical condition that affects your ability to understand the proceeding today?

THE DEFENDANT: No, I do not.

THE COURT: Mr. Nieto, any objection to asking about his citizenship?

MR. NIETO: No, Your Honor.

THE COURT: Mr. Bendann, are you a United States citizen?

THE DEFENDANT: Yes, I am.

THE COURT: Have you received a copy of the

Superseding Indictment in this case?

THE DEFENDANT: I have read through it but I didn't want to hold onto one in the facility.

THE COURT: Sure. No, I understand. You have at least seen the document, had a chance to look at it. I'm going to go through the charges now.

You are charged in nine counts in the Superseding Indictment. Counts 1 through 5 all allege the same statutory violation. They all have the same penalty so I'm going to group those together.

Counts 1 through 5 involve sexual exploitation of a child in violation of Federal 18 United States Code section 2251.

Count 1 alleges that you engaged in unlawful conduct on or about September 16th, 2017, which involved the alleged depiction and transportation of certain videos involving minors.

Count 2 alleges similar conduct on June 21st, 2018.

Count 3 alleges similar conduct on August 26th, 2018.

Count 4 alleges similar conduct on January 2nd, 2019.

And Count 5 is based on conduct alleged to have occurred on February 9th of 2019.

If the Government proves beyond a reasonable doubt that you committed any of these counts you may be subject to a 15-year mandatory minimum sentence with a maximum of 30 years; a $250,000 fine, and a supervised release period, after any incarceration, of no less than five years and up to life. That

1  would be for each of those counts.
2        Counts 6 through 8 all allege possession of child
3  pornography. That violates Title 18 United States Code section
4  2252 and 2256. Count 6 alleges that between September 1st of
5  2017, and January 23rd of 2023, that you knowingly possessed
6  child pornography as that is defined in federal law.
7        Count 7 alleges that on February 3rd of 2023, that you
8  knowingly possessed child pornography as defined by federal law.
9        And Count 8 alleges that on February 3rd, 2023, that you
10 knowingly possessed child pornography as defined by federal law.
11       If you are convicted of any of those counts the maximum
12 penalty for each count would be 10 years of incarceration, a
13 $250,000 fine, and, again, a supervised release period of no
14 less than five years and up to life.
15       Finally, Count 9 alleges that between May 2022 and December
16 2022 that you engaged in what has become known as cyberstalking.
17 That the conduct involved harassment and intimidation of another
18 person using certain computer or other electronic services, and
19 that that involved a minor victim.
20       The maximum penalty if you are convicted on that count is
21 five years incarceration, $250,000 fine, and a supervised
22 release period up to three years.
23       So I'm not asking whether you agree with anything the
24 Government is saying that you have done, but do you understand
25 the nature of the charges and the maximum penalties?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: So the two important rights I mentioned earlier, which I imagine that you would have heard and covered earlier in this case, are first, you have the right to remain silent. Under the Fifth Amendment to the Constitution you do not have to make any statements to the government about any of the allegations or charges. Anything that you say to the government or in the presence of its agents may be used against you in court.

Second, under the Sixth Amendment you have the right to counsel in connection with all proceedings. Every time you are here in court, any time you may be meeting with the government to discuss evidence, charges, trial, anything like that, you have the right to have counsel with you, advising you, advocating on your behalf.

People get counsel one of two ways. One is that they can hire counsel on their own if they have the resources, and for those of us who don't have that kind of money the court may appoint counsel at no cost to you. Do you understand your right to silence and counsel?

THE DEFENDANT: Yes I do.

THE COURT: And Mr. Nieto and Mr. Proctor, are you all appointed in this case?

MR. NIETO: Yes, Your Honor.

THE COURT: And I understand, Mr. Bendann, you most

1  definitely understand your right to appointed counsel because
2  you have been appointed counsel by two of the practitioners in
3  this court.
4         And I acknowledge that thank you both for your services as
5  longtime members of the Criminal Justice Act Panel.  So we don't
6  need to go through appointment.
7         Ms. McGuinn, the Government's position on detention or
8  release?
9              MS. MCGUINN:  Your Honor, the Government is seeking
10 detention, although I don't believe we're here on that today.
11 We've had hearings on that roughly a year ago and nothing has
12 changed and that department, and trial is set to start on
13 September 21st.
14             THE COURT:  I do see that trial date, and I assume
15 that detention had been addressed in one way or the another, I
16 just wanted to make a record of it.
17        I have an order of detention by agreement in front of me.
18 I will sign this.
19        Mr. Nieto, I assume there's no objection or motion to alter
20 his detention status?
21             MR. NIETO:  Your Honor, there's no motion now.  My
22 apologies.  I had not -- Mr. Bendann had a detention hearing
23 previously in front of then Magistrate Judge Hurson.  Sorry,
24 Magistrate Judge Coulson.  That was appealed to Judge Bredar
25 where conditions of release were imposed; however, we have not

```
1   been able to meet those conditions.
2           THE COURT:  I understand.
3           MR. NIETO:  Our position was there had been no change
4   in the previous order from Judge Bredar with regards to the
5   detention status, insofar as that gives the Court some
6   clarification on our posture.
7           THE COURT:  Okay.  Well, I guess there's no -- I guess
8   maybe there's no need for me to do another order. The existing
9   order will stay in place.  And if he hasn't met the conditions
10  then he remains in custody.  But I'll check the docket for that.
11       As required by rule, Federal Rule of Criminal Procedure
12  5(f), I'm advising the Government -- well, let's see, was there
13  already a 5(f) order in this case?
14          MS. MCGUINN:  There was, Your Honor.
15          THE COURT:  Okay.  Then I don't need to do that.
16       Before we turn to the arraignment, is there anything else,
17  Ms. McGuinn, that we omitted from the initial appearance
18  portion?
19          MS. MCGUINN:  No, Your Honor.
20          THE COURT:  Mr. Nieto, anything you think we omitted
21  before we go to the arraignment?
22          MR. NIETO:  No, Your Honor.
23          THE COURT:  Okay.  Mr. Bendann, as I said earlier,
24  arraignment is your opportunity to enter a formal plea in
25  response to the charges that I have just reviewed with you, so
```

1 we'll proceed to that.
2     Mr. Nieto, Mr. Proctor, have you all reviewed the
3 indictment with Mr. Bendann?
4         MR. NIETO:  Yes, Your Honor, we would waive a formal
5 reading.
6         THE COURT:  And you do waive a formal reading?
7         MR. NIETO:  Yes, Your Honor.
8         THE COURT:  Then Mr. Bendann, if you could please
9 stand and answer the questions of courtroom deputy.
10        THE CLERK:  Sir, if you could just state your full
11 name again, please.
12        THE DEFENDANT:  Christopher Kenji Bendann.
13        THE CLERK:  You were born in 1984; is that correct,
14 sir?
15        THE DEFENDANT:  That is correct.
16        THE CLERK:  Thank you.
17    Sir, have you received a copy of Superseding Indictment or
18 has the substance of the charges been explained to you?
19        THE DEFENDANT:  Yes, it has.
20        THE CLERK:  Do you understand all the charges placed
21 against you?
22        THE DEFENDANT:  Yes, I do.
23        THE CLERK:  How do you wish to plead to Counts 1
24 through 9 of the Superseding Indictment?
25        THE DEFENDANT:  Not guilty.

```
            THE CLERK:  Plea is not guilty as to Counts 1 through
9 of the Superseding Indictment; is that correct?
            THE DEFENDANT:  That is correct.
            THE CLERK:  Thank you.
            THE COURT:  The plea of not guilty to the counts has
been entered.
     You all my be seated.
     Mr. Nieto, you reserve a jury trial, I assume, based on the
docket sheet?
            MR. NIETO:  Yes, Your Honor.  It's our anticipation
that the jury trial will begin on the 21st of the month.
            THE COURT:  Okay.  And Ms. McGuinn, that trial is one
week?
            MS. MCGUINN:  Your Honor, the -- Judge Bredar has
given us parameters of August 21st through Friday, August -- I
believe it's Friday, August 31st.  Whatever that Friday is.
            THE COURT:  Okay.  More than one week.  Okay.
Excellent.
     This close to trial, I assume this would have been worked
out, but I take it there are no issues with discovery at this
point?
            MS. MCGUINN:  I don't believe so.
            MR. NIETO:  No, Your Honor.
            THE COURT:  Okay.  Well, I don't need to go through
the normal spiel of asking you to advise the District Judge of
```

1  the arraignment so he can set a trial date, you all have that.
2      I understand you have a pretrial conference so I will let
3  you all go and prepare for that.
4      Is there anything else that we can address on this matter,
5  Ms. McGuinn?
6           MS. MCGUINN:  Nothing from the Government, Your Honor.
7           THE COURT:  Mr. Nieto?
8           MR. NIETO:  No, Your Honor.  Thank you.
9           THE COURT:  Thank you all.  And that concludes this
10 matter.
11          (The proceedings concluded at 9:19 a.m.)

FTR CERTIFICATE

I, Kassandra L. McPherson, RPR, do hereby certify that the foregoing is a correct transcript of the audio-recorded proceedings in the above-entitled matter, audio recorded via FTR Gold on 08/09/2024, and transcribed from the audio recording to the best of my ability and that said transcript has been compared with the audio recording.

Dated this 12th day of March 2025.

-/s/
_____
Kassandra L. McPherson, RPR
Federal Official Court Reporter